FILED
FEB 22 2022
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**Name: John Doe (AKA Name provided on internal court documents)**
**Address: 210 S. Ellsworth Ave, #1275**
**San Mateo, CA 94401**
**Phone Number: 510-868-2862**
**E-mail Address: justice@majestic111.com**
*Pro Se – A federal witness*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

CV22    1107

| | |
|---|---|
| JOHN DOE, a Pro Se non-lawyer citizen <br> **PLAINTIFF** <br><br> V. <br><br> **UNITED STATES OF AMERICA** <br> **and DOES 1 through 20** <br><br> **DEFENDANTS** <br><br> Filed: 2.18.22 | Case No. TBD <br><br> **MOTION FOR COURT APPOINTED ATTORNEY** |

**MOTION FOR COURT APPOINTED ATTORNEY**
**JURY TRIAL DEMANDED IN MASTER COMPLAINT**

As the Plaintiff in the above-captioned matter, I respectfully ask the Court for a Court Appointed Attorney in this case. I hereby affirm that:

Case # TBD,  Document 1, Filed 02/18/22,  Page 2 of 5

The Court has authority to appoint an attorney for the appellant.  The appointment of legal counsel is not new to the judicial system.  As this case represents a matter of legal rights for, not only, the Plaintiff, but the public interest of the entire nation, against political corruption, it is in the best interest of all that it be properly represented on all sides. The Constitution has provided authority for the appointment of legal counsel by the Fifth and Sixth Amendment. For example, in United States v. Dillon,32 the Court of Appeals for the Ninth Circuit upheld the appointment of an attorney against a constitutional challenge because the attorney "performs an obligation imposed upon him by the ancient traditions of his profession and as an officer of the court assisting the court in the administration of justice." United States v. Dillon, 346 F.2d, 633, 635 (9th Cir. 1965), cert. denied, 382 U.S. 1978 (1966); W 33 The court considered the duty to accept an appointment to be "a condition under which lawyers are licensed to practice" and to which "[a]n applicant for admission to practice law may justly be deemed [to have consented]." ' Id. at 636.

The Plaintiff presents a Constitutional challenge before the Court.  The Paintiff has a disability because the Social Security Administration says he does.  In spite of his medical handicapped and indigence, he is seeking the appointment of legal counsel.  This court has the discretion to appoint legal counsel to represent the Plaintiff.

The appointment of counsel in both civil and criminal cases furthers the administration of justice by enhancing the fairness of judicial proceedings.53Diaz v. Chatterton, 229 F. Supp. 19, 23 (S.D. Cal. 1964).  Therefore, it is within the state's broad power There is no basis for distinguishing appointments in criminal cases from those in civil cases. In each situation, the fairness of the proceeding is promoted by the involvement of the attorney. Id.

The appointment of counsel in both civil and criminal cases furthers the administration of justice by enhancing the fairness of judicial proceedings. The Plaintiff is seeking justice and fairness in his judicial proceeding. The overall goal of the Plaintiff is so that he can receive a fair and impartial trial against Defendants.

Regardless of the nature of the case, the substantial state interest in assuring fairness in the administration of justice 120 would justify the states in providing legal assistance to litigants. 2 The existence of state and federally funded programs to provide legal assistance to the poor in civil cases "2 affirms that such assistance serves a public purpose. If it did not, such expenditures would be improper exercises of governmental spending powers., in the main case filigs, it is deeply discussed how Plaintiff has been blockaded from access to legal support, by Defendants, who fear shame in the exposure of their crimes.

An affirmative finding that assistance of counsel will advance the fairness of the proceeding might be necessary, at least in civil cases, to ensure the applicability of the public service exception. See note 116 See Helvering v. Davis, 301 U.S. 619 (1937).

Date: Feb. 18, 2022

Signature:

[ Signed Electronically By Plaintiff]