UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. 22-cv-01107-TSH<br><br>**ORDER DENYING MOTION TO PROCEED ANONYMOUSLY; DENYING MOTION TO APPOINT COUNSEL; GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E); DENYING MOTION IN DEFENSE OF RICO RACKETEERING FILING** |

## I. INTRODUCTION

Plaintiff John Doe brings this case against Defendant United States of America. ECF No. 1. On February 22, 2022, Plaintiff filed a Motion to Proceed Anonymously (ECF No. 2), Application to Proceed in Forma Pauperis (ECF No. 3), Motion to Appoint Counsel (ECF No. 5), and Motion in Defense of RICO Racketeering Filing (ECF No. 6). For the reasons stated below, the Court **DENIES** Plaintiff's Motion to Proceed Anonymously, Motion to Appoint Counsel, and Motion in Defense of RICO Racketeering Filing. The Court **GRANTS** Plaintiff's Application to Proceed in Forma Pauperis but finds the complaint deficient under 28 U.S.C. § 1915(e). No later than **April 25, 2022**, Plaintiff must file a first amended complaint curing the deficiencies identified in this screening order or a response arguing why the current complaint is sufficient. If Plaintiff fails to file a response or the response fails to cure the deficiencies addressed herein, the case will be reassigned to a Unites States district judge with a recommendation for dismissal.

## II. BACKGROUND

Plaintiff brings this suit against the United States of America, alleging breach of contract, conversion, unjust enrichment, fraudulent misrepresentation, fraudulent concealment, intentional infliction of emotional distress, violation of the Federal Torts Claims Act, and patent infringement. ECF No. 1, Complaint, at ¶¶ 191-297. Plaintiff's claims arise from an alleged conspiracy among government officials to deprive Plaintiff of a government grant to build electric cars. *Id*. at 35. Plaintiff also alleges companies bribe U.S. politicians and deprive the stock market in violation of plaintiff's civil rights, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and antitrust laws. *Id.* at 19-20. Plaintiff claims he reported the conspiracy to the government and was since been targeted and attacked by hackers. *Id*. at 57, ¶¶ 215-16. Plaintiff seeks damages and injunctive relief. *Id*. at 76-77.

## III. MOTION TO PROCEED ANONYMOUSLY

Plaintiff moves to proceed under the pseudonym "John Doe" out of fear that ex-spy agency contractors have been hired to stalk, harass, and attack plaintiff. ECF No. 2 at 1.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a)(requiring that the title of every complaint "include the names of all the parties"). This presumption is related to the public's common law right of access to judicial proceedings, *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000), and "the right of private individuals to confront their accusers." *Kamehameha Schools*, 596 F.3d at 1042. Nevertheless, a party may proceed anonymously when "special circumstances justify secrecy." *Advanced Textile Corp.*, 214 F.3d at 1067. To determine whether a plaintiff has overcome such presumption, a court considers the follows factors: (1) "the severity of the threatened injury;" (2) "the reasonableness of the anonymous party's fears;" (3) "the anonymous party's vulnerability to retaliation;" (4) "prejudice at each stage of the proceedings to defendants;" and (5) "the public's interest." *Id*. at 1068.

Here, Plaintiff makes broad and conclusory statements regarding his alleged harassment and the threats he received. Plaintiff fails to identify the actual threats and does not provide

1   evidence of harassment or stalking.  *Compare* ECF No. 2 at 2 ("I have been previously attacked
2   and have active death threats against me.  Private ex-spy agency contractors like Fusion GPS,
3   Media Matters, Black Cube, In-Q-Tel and others have been hired to stalk and harass me online.")
4   *with Kamehameha Schools*, 596 F.3d at 1043 ("The Doe children point to threats . . . "jus gonna
5   get lickins everyday" and that these "4 kids ... will need 10 bodyguards lol." . . . the phone call to
6   their attorney threatening that now "both you and your haole clients can get the lickins' you
7   deserve."); *see also Doe v. Coder*, 10-cv-4756-MMC, 2010 WL 4938282, at *2 (N.D. Cal. Nov.
8   30, 2010) (denying motion to proceed anonymously where "Plaintiff's showing is entirely
9   speculative.  Plaintiff has not shown any threat of harm, let alone a threat of "severe harm.")
10  Plaintiff also does not identify evidence showing his vulnerability, address prejudice at this stage
11  of litigation, or explain how Plaintiff's use of a pseudonym overrides the public's interest in
12  viewing public records and documents.  Notably, Plaintiff included his name in his Civil Cover
13  Sheet and Application to Proceed in Forma Pauperis.  *See Doe v. United States Dept. of Health*
14  *and Human Serv.*, 517 Fed.Appx. 548, 549 (9th Cir. 2013) ("The district court did not abuse its
15  discretion in denying Doe leave to proceed anonymously where there were insufficiently
16  "unusual" circumstances justifying anonymity, and where Doe failed to redact her true name in
17  documents filed in the district court.")  Accordingly, Plaintiff's Motion to Proceed Anonymously
18  is **DENIED**.

### IV.   MOTION TO APPOINT COUNSEL

20  Plaintiff requests the Court appoint counsel because Plaintiff has a disability.  ECF No. 5 at
21  2.  Plaintiff also asserts appointment of counsel will ensure fairness given that his claims involves
22  a constitutional challenge.  *Id.* at 2-3.
23  There is no constitutional right to counsel in a civil case unless a "litigant may lose his
24  physical liberty if he loses the litigation."  *Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25
25  (1981); *see also Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) ("[T]he appointment of
26  counsel in a civil case is . . . a privilege and not a right.").  The Court may under "exceptional
27  circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. §
28  1915(e)(1).  *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  When

United States District Court
Northern District of California

3

determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The Court finds Plaintiff's circumstances are not "exceptional" under the meaning described above. Given the early stage of litigation, the likelihood of success of Plaintiff's claims is unclear. Moreover, Plaintiff has demonstrated his ability to conduct legal research and present claims and arguments in writing. *See Bernstein v. United States Dep't of Housing & Urban Development*, 20-cv-2983-JSC, 2021 WL 4497872, at *6 (N.D. Cal. Aug. 16, 2021) (denying motion to appoint counsel where "Plaintiffs' . . . numerous filings demonstrate that they capable of conducting legal research, presenting claims and arguments in writing, and understanding legal issues.") Accordingly, the Court **DENIES** Plaintiff's Motion to Appoint Counsel.

## V.   IN FORMA PAUPERIS APPLICATION

A district court may authorize the start of a civil action in forma pauperis if the court is satisfied the would-be plaintiff cannot pay the filing fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Plaintiff submitted the required documentation demonstrating an inability to pay the costs of this action, and it is evident from the application that the listed assets and income are insufficient to enable payment of the fees. Plaintiff is not currently employed, only receives social security, and must cover rent and food expenses. Accordingly, the Court **GRANTS** the application to proceed in forma pauperis. *See Sobayo v. Ally Bank*, 20-cv-8470-SI, 2021 WL 25049, at *1 (N.D. Cal. Jan. 4, 2021) (granting in forma pauperis application where plaintiff is not currently employed and receives social security).

## VI.   SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(E)(2)

### A.   Legal Standard

A court must dismiss an in forma pauperis complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure

1  12(b)(6) regarding dismissals for failure to state a claim.  *See id.*; *see also Lopez v. Smith*, 203
2  F.3d 1122, 1126-27 (9th Cir. 2000).  The complaint therefore must allege facts that plausibly
3  establish each defendant's liability.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).
4  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
5  draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*
6  *Iqbal*, 556 U.S. 662, 678 (2009).

7       A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the
8  complaint to contain "a short and plain statement of the claim showing that the pleader is entitled
9  to relief."  Fed. R. Civ. P. 8(a)(2).  "While the federal rules require brevity in pleading, a
10 complaint nevertheless must be sufficient to give the defendants 'fair notice' of the claim and the
11 'grounds upon which it rests.'"  *Coleman v. Beard*, 2015 WL 395662, at *4 (N.D. Cal. Jan. 29,
12 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  A complaint that fails to state a
13 defendant's specific acts "that violated the plaintiff's rights fails to meet the notice requirements of
14 Rule 8(a)."  *Medina Chiprez v. Becerra*, 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020)
15 (citing *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

16      Plaintiff is proceeding without representation by a lawyer.  While the Court must construe
17 the complaint liberally, *see Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984), it may not add to
18 the factual allegations in the complaint, *see Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).
19 Litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this
20 District.  *See* N.D. Cal. Civ. L.R. 3-9(a).

21 **B.     Application**
22      1.     **Rule 8**
23      Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth a
24 "short and plain statement of the claim showing the pleader is entitled to relief."  Rule 8(d)(1)
25 requires that each allegation in a pleading be "simple, concise, and direct."  *See McHenry v.*
26 *Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was
27 "argumentative, prolix, replete with redundancy, and largely irrelevant").  The failure to comply
28 with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without

1  merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims which
2  are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating
3  Rule 8(a). *Id.*

4  In addition, the complaint must include facts which are "more than labels and conclusions,
5  and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v.*
6  *Twombly*, 550 U.S. 554, 555 (2007). In *Ashcroft v. Iqbal*, the Supreme Court rejected conclusory
7  assertions that "petitioners 'knew of, condoned, and willfully and maliciously agreed to subject
8  [him]' to harsh conditions of confinement 'as a matter of policy, solely on the account of [his]
9  religion, race, and/or national origin and for no legitimate penological interest.'" 556 U.S. 662,
10 680 (2009). The Court reasoned that such allegations were akin to the "formulaic recitation of the
11 elements" dismissed in *Twombly*, and therefore, insufficient to meet Rule 8(a). *Id.* In doing so,
12 the Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that
13 allows the court to draw the reasonable inference that the defendant is liable for the misconduct
14 alleged." *Id.* at 678.

15 Although Plaintiff's complaint is lengthy, it lacks sufficient detail regarding the nature of
16 Plaintiff's specific claims. *See, e.g., Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637
17 F.3d 1047, 1059 (9th Cir. 2011) (stating that "Rule 8(a) has been held to be violated by a pleading
18 that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of
19 incomprehensible rambling."); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir.
20 1981) (holding that Rule 8(a) is violated when a complaint is excessively "verbose, confusing and
21 almost entirely conclusory"); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980)
22 (upholding a Rule 8(a) dismissal of "confusing, distracting, ambiguous, and unintelligible
23 pleadings"). Plaintiff's complaint presents "no cognizable legal theory [and] an absence of
24 sufficient facts alleged to support a cognizable legal theory," and is therefore subject to dismissal
25 under 28 U.S.C. § 1915(e). *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041
26 (9th Cir. 2010).

27 Plaintiff's pro se status does not relieve him of conformity to the pleading rules. *See, e.g.,*
28 *Romano v. United States Army Core of Engineers*, No. 3:17-CV-00930-JD, 2017 WL 6448221, at

United States District Court
Northern District of California

*1 (N.D. Cal. Dec. 18, 2017). Accordingly, the Court finds dismissal appropriate because the complaint fails to state a claim upon which relief can be granted. However, given Plaintiff's pro se status and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall grant Plaintiff the opportunity to file an amended complaint.

2. **Immunity**

Plaintiff names the United States of America as defendant and claims government officials conspired against him. ECF No. 1 at 51-57. The Court advises Plaintiff that certain government entities and individuals are immune from suit.

Generally, "[s]overeign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" *United States v. Bormes*, 568 U.S. 6, 9–10 (2012) (quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34, (1992)). "Congress has enacted several broad waivers of the United States' sovereign immunity." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1168 (9th Cir. 2017). A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation, alterations, and internal quotation marks omitted).

Moreover, public officials may be entitled to qualified immunity. "Qualified immunity is an affirmative defense to damage liability" and "federal officials are immune from liability for damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *The Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 527 (9th Cir. 1989) (internal citation omitted).

In Plaintiff's amended complaint, Plaintiff must clarify who he intends to sue.

3. **RICO Claims**

Plaintiff filed a Motion in Defense of RICO Racketeering Filing requesting the Court give "a validation of the finding that Plaintiff's case may have merit to be filed as a RICO Racketeering" matter. The Court declines to evaluate the merits of Plaintiff's RICO claims and **DENIES** Plaintiff's Motion in Defense of RICO Racketeering Filing. The Court advises Plaintiff on the general elements of a civil RICO claim.

To state a civil RICO claim under 18 U.S.C. § 1964(c), a plaintiff must allege "(1) conduct

(2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Abcarian v. Levine*, 972 F.3d 1019, 1027 (9th Cir. 2020). "Additionally, 18 U.S.C. § 1964(c) imposes a standing requirement: a plaintiff must show that the RICO violation proximately caused an injury to his business or property." *Thomas v. Baca*, 308 Fed. Appx. 87, 88 (9th Cir. 2009).

## VII.  CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's Motion to Proceed Anonymously, Motion to Appoint Counsel, and Motion in Defense of RICO Racketeering Filing.  The Court **GRANTS** Plaintiff's Application to Proceed in Forma Pauperis but finds the complaint deficient under 28 U.S.C. § 1915(e).  No later than **April 25, 2022**, Plaintiff must file a first amended complaint curing the deficiencies identified in this screening order or a response arguing why the current complaint is sufficient.

### A.   REQUIREMENTS FOR AMENDED COMPLAINT

Because an amended complaint replaces the previous complaint, any amended may not incorporate claims or allegations in the original complaint by reference.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Instead, any amendment must include all of the facts and claims to be presented and all of the defendants that are to be sued.  In addition, any amended complaint must include the following sections:

> **Caption Page**
> On the first page, list the names of the defendant(s), the case number used in this order (3:22-cv-01107 TSH), the title ("FIRST AMENDED COMPLAINT"), and write "Demand for Jury Trial" if you want your case to be heard by a jury.
>
> **Subject Matter Jurisdiction**
> The first numbered paragraph in your complaint (labeled "Jurisdiction") should explain why this Court has the power to decide this kind of case.  A federal court can hear a case based on a federal question jurisdiction (a violation of federal law under 28 U.S.C. § 1331) or diversity jurisdiction (when all plaintiffs and all defendants are citizens of different states disputing more than $75,000) under 28 U.S.C. § 1332.
>
> **Parties**
> In separate paragraphs, identify the plaintiff(s) and the defendant(s) in the case.

**Statement of Facts**
Explain the important facts in your case in numbered paragraphs, describing how the defendant(s) violated the law and how you have been injured.

**Claims**
Include a separate heading for each legal claim (Claim 1, Claim 2, etc.), identifying the specific law that you think the defendant(s) violated and explaining what each defendant did to violate each law.

**B. RESOURCES**

Plaintiff may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: March 17, 2022

THOMAS S. HIXSON
United States Magistrate Judge