UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SD DOUGLAS REDMOND,<br>    Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>    Defendant. | Case No. 22-cv-01107-TSH<br><br>**SCREENING ORDER RE: FIRST AMENDED COMPLAINT; CONTINUING INITIAL CASE MANAGEMENT CONFERENCE TO JUNE 16, 2022**<br><br>Re: Dkt. No. 13 |

## I.   INTRODUCTION

On February 22, 2022, Plaintiff SD Douglas Redmond filed a complaint and an application to proceed in forma pauperis.  ECF No. 1.  The Court granted the application but found Redmond's complaint failed to state a claim upon which relief may be granted.  ECF No. 11.  The Court directed Redmond to file an amended complaint that addressed the deficiencies of his original complaint or risk dismissal pursuant to 28 U.S.C. § 1915(e).  This screening order addresses Redmond's First Amended Complaint, which he filed on April 1, 2022.  ECF No. 13.

## II.   BACKGROUND

Redmond's original complaint named the United States of America and DOES 1 through 20 as defendants and asserted causes of action for breach of contract, conversion, unjust enrichment, fraudulent misrepresentation, fraudulent concealment, intentional infliction of emotional distress, violation of the Federal Torts Claims Act, and patent infringement.  ECF No. 1 at ¶¶ 191-297.  The complaint alleged a conspiracy to deprive Redmond of a government grant to build electric cars and bribery of United States politicians to deprive the stock market.  *Id*. at 19-20, 35.

On March 17, 2022, the Court issued a screening order advising Redmond that his complaint did not comply with Federal Rule of Civil Procedure 8 because it did not set forth a short and plain statement of his claims showing that he is entitled to relief. ECF No. 11. Although the complaint listed several causes of action, the complaint lacked sufficient detail regarding the nature of Redmond's specific claims. Because Redmond listed the United States of America as a defendant, the Court also advised Redmond that certain government entities and individuals are immune from suit and ordered Redmond to clarify who he intends to sue. *Id*. at 7. The Court directed Redmond to file an amended complaint that addressed these issues by April 25, 2022.[1] *Id*. at 9.

On April 1, 2022, Redmond filed a First Amended Complaint ("FAC").[2] FAC, ECF No. 13. The FAC now lists forty-seven causes of action against defendant United States of America. *Id.* at 127-180, 235-249. According to the FAC, "[t]he United States Government, through its employees and contractors, and via orders from White House and other senior officials, caused Google, Facebook, Tesla, Linkedin, YouTube, Kleiner Perkins and other Silicon Valley entities to covertly become part of the U.S. Government" and formed a "Cartel" intended to corrupt the government "for the purpose of manipulating the value of stock market holdings and controlling political policy decisions." *Id.* at 10, 75-76. Redmond allegedly suffered harm from this conspiracy, including death threats, prevention of obtaining legal counsel, defamation, social media attacks, poisoning, and loss of social security and public benefits. *Id*. at 62-101.

## III.    SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(E)(2)

### A.    Legal Standard

The Court must dismiss an in forma pauperis complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). To make this determination, the Court assesses whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221,

---

[1] The Court's March 17, 2022 Order also denied Redmond's Motion to Proceed Anonymously and Motion to Appoint Counsel. ECF No. 11 at 2-4.

[2] In addition, on April 18, 2022, Redmond filed a 77-page "judicial statement" addressing his claims. ECF No. 21.

1227-28 (9th Cir. 1984) (quotation omitted).  Pro se pleadings are liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**B.  Application**

**1.  Preliminary Matters**

The Court will first address Redmond's requests, which are included in the FAC. Redmond requests the Court allow Redmond to file for Doe status, appoint Redmond an attorney, join individuals from DOJ as co-plaintiffs, verify "that no judge or magistrate holds [s]tock ownership, or personal relationships, in Valic/AIG or the Silicon Valley Cartel companies who are DOE and ROE affiliated insiders," conduct a "multi-Court official public review for non-bias of judiciary personnel involved in this case," and order "the FBI to provide the 'FBI 302' reports . . . .on Defendants hired attackers."  FAC at 31-32, 38, 73, 102, 125-127.

The Court addressed Redmond's requests to proceed anonymously and appoint an attorney in the Court's March 17, 2022 Order.  For the same reasons as stated in the Order, the Court **DENIES** Redmond's requests to proceed anonymously and appoint an attorney.  Regarding Redmond's remaining requests, Redmond fails to establish any legal or factual basis for the requests.  The Court therefore **DENIES** Redmond's requests to join DOJ individuals as co-plaintiffs, verify judges' stock ownership and personal relationships in "Cartel" companies, conduct a public review for non-bias, and order FBI to product FBI 302 reports.

**2.  Rule 8**

The Court now addresses the sufficiency of the FAC.  For the reasons stated below, the Court finds the FAC still suffers from the same problems as the original complaint.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing the pleader is entitled to relief."  Rule 8(d)(1) requires that each allegation in a pleading be "simple, concise, and direct."  *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was

3

1   "argumentative, prolix, replete with redundancy, and largely irrelevant"). The failure to comply
2   with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without
3   merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims which
4   are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating
5   Rule 8(a). *Id*. Redmond's pro se status does not relieve him of conformity to the pleading rules.
6   *See, e.g., Romano v. U.S. Army Core of Eng'rs*, Case No. 17-cv-930-JD, 2017 WL 6448221, at *1
7   (N.D. Cal. Dec. 18, 2017).
8   Here, the 1924-page FAC "is an incomprehensible morass of allegations that are a far cry
9   from a short and plain statement of claims and the Court's jurisdiction over them. A putative
10  defendant would not know where to begin in responding, and the Court cannot determine whether
11  anything in this tangle of allegations is sufficient to state a claim." *Arunachalam v. Davila*, Case
12  No. 18-cv-2488-JD, 2018 WL 10245911, at *1 (N.D. Cal. May 17, 2018) (dismissing pro se
13  plaintiff's complaint with leave to amend for failure to comply with Rule 8's pleading
14  requirements). The FAC lists 47 causes of action without naming specific defendants and is
15  confusing, disorganized, and contains legal terminology without setting forth facts showing that
16  Redmond is entitled to relief. As such, dismissal is proper under Rule 8. *See Cafasso, U.S. ex rel.*
17  *v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (complaints are subject to
18  dismissal if they are "needlessly long," "highly repetitious, confusing, or consist of
19  incomprehensible rambling"); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir.
20  2003) ("When reading [plaintiff's] brief, one wonders if [plaintiff], in its own version of the
21  spaghetti approach, has heaved the entire contents of a pot against the wall in hopes that
22  something would stick. We decline, however, to sort through the noodles in search of [plaintiff's]
23  claim."). In order to comply with Rule 8's pleading requirement, Redmond must amend the FAC
24  to state as clearly as possible the facts giving rise to each cause of action and explain why each
25  named defendant is being sued in connection with the alleged wrongdoing. Each cause of action
26  must include relevant statutory or legal authority, and Redmond should not duplicate his causes of
27  actions. Even if Redmond provides a separate factual allegations section or exhibit, Redmond
28  must still state the relevant facts under each cause of action.

4

### 3. Failure to Clarify Defendants

In the Court's March 17, 2022 Screening Order, the Court instructed Redmond to clarify who he intends to sue because certain government entities are immune from suit. ECF No. 11.

The Court finds the FAC fails to clarify who Redmond intends to sue. The FAC identifies the United States of America as a defendant and mentions a number of individuals involved in an alleged conspiracy as examples, but fails to clarify which individuals are actual defendants in the present action. This failure may be a basis for dismissal. *See Mahoney v. United States Postal Service*, 884 F.2d 1194, 1197 (9th Cir. 1989) ("Failure to name the proper defendant within the limitations period deprives the district court of jurisdiction over the matter."); *Hemsley v. Lunger*, Case No. 09-cv-6002-RS (PR), 2010 WL 2609044, at * 1 (N.D. Cal. June 28, 2010) (dismissing complaint where plaintiff failed to name defendants and specify how defendants allegedly violated plaintiff's rights). Redmond must clarify the defendants of his action and specify how those defendants proximately caused Redmond harm. *See Rodgers v. Horsely*, 123 Fed.Appx. 281, 286 (9th Cir. 2005) ("The test for determining whether a party was an intended defendant to an action is an objective one: would a reasonable defendant have understood the complaint to allege that it was in some way responsible for plaintiff's injury?") (internal citation and quotations omitted); *Wiggins v. Alameda County Sheriff's Dept.*, Case No. 08-cv-3150-VRW (PR), 2009 WL 1636140, at *1 (N.D. Cal. June 10, 2009) ("As was the case with his original complaint, plaintiff's first amended complaint in which he again names the Alameda County sheriff's department and John and Jane Doe fails to identify individual defendants and set forth specific facts showing how each defendant proximately caused the deprivation of a federally protected right."); *Young v. Lee*, Case. No. 08-cv-5690-VRW (PR), 2009 WL 1227882, at *1 (N.D. Cal. May 5, 2009) (dismissing complaint because "[a]lthough plaintiff identifies several defendants by name and lists numerous other 'doe defendants' in his pleading, plaintiff fails to show how any of the defendants proximately caused the deprivation of his federally protected right.")

### 4. Criminal Allegations

Finally, although Redmond lists a cause of action for "Acts or Threats Involving Murder," FAC at 146, private individuals lack standing to assert claims for relief based on criminal statutes.

5

1  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American Jurisprudence ... a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (federal criminal statutes generally do not provide a private cause of action or a basis for civil liability). Thus, "[i]ndividuals cannot file criminal charges in the United States District Court. Rather, criminal proceedings in federal court are initiated by the government, usually through the United States Attorney's Office." *Candy-Anh-Thu:Tran v. Daniel*, Case No. 17-cv-4243-BLF, 2017 WL 6513414, at *2 (N.D. Cal. Dec. 20, 2017) (citing *Harbor v. Kim*, Case No. 16-cv-1906-GW-KS, 2017 WL 443164, at *4 (C.D. Cal. Jan. 31, 2017) ("The decision to institute criminal proceedings lies within the discretion of the proper state or federal prosecuting authority"); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) (observing that the executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a case"). Because Redmond lacks standing to bring criminal charges, the Court recommends that any such claim be dismissed without leave to amend. If Redmond believes that the defendants engaged in criminal conduct to violate his civil rights, he must contact federal law enforcement or the United States Attorney's Office and present the facts supporting that belief to them.

## IV.    CONCLUSION

Based on the discussion above, the Court would recommend dismissal. However, given Redmond's pro se status and because it is not clear that the deficiencies of the FAC could not be cured by amendment, the Court shall grant Redmond another opportunity to amend. Redmond must file a second amended complaint addressing the deficiencies in this order by **May 26, 2022**. If Redmond does not file a timely second amended complaint, the Court will recommend this action be dismissed.

An initial case management conference for this case is scheduled for May 26, 2022. The initial case management conference is hereby **CONTINUED** to June 16, 2022.

The Court reminds Redmond that he may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. Redmond may request an appointment by emailing fedpro@sfbar.org or calling 415-

782-8982.  At the Legal Help Center, Redmond will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at http://cand.uscourts.gov/helpcentersf.  Redmond may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case.  The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: May 2, 2022

THOMAS S. HIXSON
United States Magistrate Judge