UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SD DOUGLAS REDMOND,<br>　　　　Plaintiff,<br>　　v.<br>UNITED STATES OF AMERICA,<br>　　　　Defendant. | Case No. 22-cv-01107-TSH<br><br>**ORDER OF REASSIGNMENT AND REPORT & RECOMMENDATION TO DISMISS FINAL AMENDED COMPLAINT**<br><br>Re: Dkt. No. 32 |

## I.　INTRODUCTION

Pro se Plaintiff SD Douglas Redmond sues the United States of America for allegedly ordering hit-jobs and attacks on Redmond, operating a "Mafia-like Silicon Valley exclusionary Cartel," and infringing on Redmond's patents. ECF No. 32 at 7, 9, 62. Having screened Redmond's original complaint, First Amended Complaint, and now, the Final Amended Complaint ("Final Complaint") pursuant to 28 U.S.C. § 1915(e)(2), the undersigned concludes the Final Complaint is deficient and cannot be cured by amendment for the reasons stated below.

Because Redmond has not consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c), this case must be reassigned to a United States district judge for all further proceedings, including action on this Report and Recommendation. Therefore, the Clerk of Court is directed to **REASSIGN** this case. For the reasons stated below, the undersigned **RECOMMENDS** this action be **DISMISSED** without leave to amend.

## II.　BACKGROUND

The Final Complaint alleges "public official racketeer 'mobsters' run part of the United States Government and used government resources . . . to operate their crimes and to attack Plaintiff for whistle-blowing." ECF No. 32 at 9. The United States of America allegedly targeted

1  Redmond because he reported RICO, antitrust, and other crimes involving United States public
2  officials. *Id*. at 15. Redmond "is, thus, suing the United States Government, on behalf of the
3  United States Government in order to fix the United States Government." *Id.* at 9.
4    Redmond also alleges the United States Government spied on his companies, copied his
5  patents, and profited off his trade secrets because "90% of [Redmond's inventions] obsoleted
6  Defendant's employee's, contractor's and financier's stock market holdings." *Id*. at 9-10, 14. In
7  2008 and 2009, Redmond applied for Advanced Technology Vehicle Manufacturing (ATVM)
8  loans, which were subsequently denied by the Department of Energy because the United States
9  Government manipulated the review process. *Id*. Redmond discovered companies were selling
10 products using the technology Redmond disclosed in his ATVM loans. *Id.* at 43.
11   On February 22, 2022, Redmond filed a complaint against the United States of America
12 and DOES 1 through 20. ECF No. 1. On March 17, 2022, the Court issued a screening order
13 advising that his complaint did not set forth a short and plain statement of his claims showing that
14 he is entitled to relief. ECF No. 11. On April 1, 2022, Redmond filed a First Amended
15 Complaint. ECF No. 13. On May 2, 2022, the Court issued a screening order advising Redmond
16 that his First Amended Complaint again did not set forth a short and plain statement showing he is
17 entitled to relief and ordered Redmond to file a second amended complaint by May 26, 2022.
18 ECF No. 25. On May 20, 2022, Redmond filed a Final Version Amended Complaint ("Final
19 Complaint").[1] ECF No. 32.

## III.    LEGAL STANDARD

21   The Court has a continuing duty to dismiss any case in which a party is proceeding in
22 forma pauperis upon a determination that the case is: (1) frivolous or malicious; (2) fails to state a
23 claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is
24 immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The standard of review under 28 U.S.C. §

---

[1] Redmond filed a Second Amended Complaint on May 5, 2022. ECF No. 27. However, on May 13, 2022, Redmond filed a notice stating that this was not the final version of the amended complaint. ECF No. 28 at 1. Rather, Redmond's Final Complaint filed on May 20 states that it is the final version. Accordingly, the undersigned reviews Redmond's Final Complaint. Redmond has also filed seven exhibits in connection with his Final Complaint. ECF Nos. 33-39. The undersigned includes the seven exhibits in its analysis of the Final Complaint.

1915(e)(2) mirrors that of Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)). Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). To avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When a plaintiff files a complaint without an attorney, the court must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted). Upon dismissal, self-represented plaintiffs proceeding in forma pauperis must be given leave to "to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (internal quotation marks and citation omitted).

## IV.   DISCUSSION

### A.   Sovereign Immunity

The Final Complaint names the United States of America as the Defendant to the action. ECF No. 32. The United States of America includes "The White House, The White House Press Office, The Department of Energy, the Office of the Special Counsel at OSC.gov and related agencies and offices . . . 'White House Advisors' and 'Special Staff' . . . [and] Secretary of Energy [Jennifer Granholm]." *Id*. at ¶ 7.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Before [the Court] may exercise jurisdiction over any suit against the government,

3

[the Court] must have 'a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.'" *Jacketta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011) (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). The government's waiver of sovereign immunity cannot be implied, but "must be unequivocally expressed in statutory text." *Id*. (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996)). "If sovereign immunity has not been waived, the court must dismiss the case for lack of subject matter jurisdiction." *Esquivel v. United States,* 21 F.4th 565, 572-73 (9th Cir. 2021). "An uncontested suit against a federal officer which is, in substance, a suit against the United States has traditionally been jurisdictionally barred by sovereign immunity." *Ritter v. Morton*, 513 F.2d 942, 945 (9th Cir. 1975). "A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987).

The Final Complaint fails to demonstrate waiver of sovereign immunity. Redmond argues the Stock Act authorizes his claims. ECF No. 32 at 20. However, Redmond fails to cite any case law or language from the Stock Act demonstrating a clear statement from the United States waiving sovereign immunity. *See* Stock Act, No. 112-105 (Apr. 4, 2012). Instead, the Final Complaint "makes vague and somewhat incomprehensible assertions concerning the federal employees. To conclude that such a complaint stated claims sufficient to invoke the waiver of sovereign immunity would unreasonably require trial courts and defendants to piece together a theory of liability from a string of unrelated and incoherent assertions." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 859 (9th Cir. 2011); *see Oglesbee v. United States Dept. of Energy*, 18 Fed.Appx. 517, 517 (9th Cir. 2001) (finding federal departments are immune from suit because plaintiff "did not direct the district court to any statute unequivocally providing for waiver of the agencies' sovereign immunity.")

Moreover, the statutory authority Redmond appears to rely on for his claims do not waive sovereign immunity. *See Jeter v. President of the United States*, 670 Fed.Appx. 493, 493 (9th Cir. 2016) ("The district court properly dismissed Jeter's copyright infringement claims for lack of subject matter jurisdiction because Jeter alleged those claims against the United States and

4

individuals acting on behalf of the United States, and the Court of Federal Claims therefore has exclusive jurisdiction over those claims."); *Jachetta v. United States,* 653 F.3d 898, 908 (9th Cir. 2011) (finding "no evidence" 42 U.S.C § 1983 "intended to subject federal agencies" to liability); *Oglesbee v. United States Dept. of Energy*, 18 Fed.Appx. 517, 517 (9th Cir. 2001) ("neither the Tucker Act, 28 U.S.C. § 1346(a)(2) (2000), the Federal Tort Claims Act, 28 U.S.C. § 1346(b), nor the Administrative Procedures Act, 5 U.S.C. §§ 701–706, waive immunity."); *Dept. of Water and Power of City of Los Angeles v. Bonneville Power Admin.*, 759 F.2d 684, 693 n.12 (9th Cir. 1985) ("[T]he antitrust laws do not apply to the federal government."); *Sea-Land Service, Inc. v. Alaska R.R.*, 659 F.2d 243, 244 (D.C. Cir. 1981) ("Congress did not place the United States or its instrumentalities under the governance of the Sherman Act."); *cf. Goodman v. United States*, 298 F.3d 1048, 1054-55 (9th Cir. 2002) (a district court must dismiss for lack of subject matter jurisdiction a claim for damages under the FTCA that is not administratively exhausted); *Brumfield v. Dep't of Veteran Affairs*, No. 14-CV-04647-JSC, 2015 WL 294380, at *4 (N.D. Cal. Jan. 22, 2015) ("[W]hen a complaint alleging a tort . . .against a federal agency . . .fails to allege that the plaintiff made an administrative claim with the [agency] before filing suit, the complaint must be dismissed for lack of subject matter jurisdiction.") (internal citations omitted).

Accordingly, in the absence of an express waiver of sovereign immunity, Redmond's claims must be dismissed. *See Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990).

### B.     Sufficiency of Claims

In addition to the reasons stated above, the Final Complaint should be dismissed for failure to state a claim in which relief could be granted. The Final Complaint lists thirty-three separate claims for relief. ECF No. 89-105. The undersigned will address Redmond's claims in turn.

#### 1.     Breach of Contract: Claims 1, 6, 13

The Final Complaint fails to sufficiently allege the existence of a valid contract, Redmond's performance under the contract, and the acts constituting Defendant's breach. *See Gross v. Symantec Corp.*, Case No. 12-00154-CRB, 2012 WL 3116158, at *11 (N.D. Cal. July 31, 2012) ("A complaint for breach of contract must plead: (1) the existence of a contract, (2) a breach of the contract by defendant, (3) performance or excuse of non-performance on behalf of plaintiff,

and (4) damages suffered by plaintiff as a result of defendant's breach."); *Gomez v. Lincare, Inc.*, 93 Cal.Rptr.3d 388, 403 (Cal. Ct. App. 2009) ("A cause of action for breach of implied contract has the same elements as does a cause of action for breach of contract, except that the promise is not expressed in words but is implied from the promisor's conduct.")

The Final Complaint does not include the contract itself and Redmond's reference to "a non-disclosure agreement . . . made between Plaintiff and DOE (Sandia) under Contract Number DE-AC04-94AL85000 with respect to Plaintiff's proprietary fuel cell chemistry and technology" fails to sufficiently provide the essential terms of a contract. *See Gross v. Symantec Corp.*, 2012 WL 3116158, at *11 ("[A] complaint for breach of contract must include the contract itself or plead its essential terms.").

### 2. Civil Rights: Claims 2, 3, 14, and 21

Redmond appears to bring civil rights claims. *See* ECF No. 32 at 90-91, 98, 100.

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States," *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), against anyone acting under color of state or territorial law. Section 1983 does not provide a cause of action against the United States itself. Further, the Final Complaint fails to allege which acts were constitutional violations, identify the individual committing the violations, and state whether the individual committing such acts were acting under the color of state law. *See McDonald v. County of Sonoma*, 506 F.Supp.3d 969, 978 (N.D. Cal. 2020) ("To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a person violated a right secured by the Constitution or laws of the United States and (2) that said person acted under the color of state law when they committed the alleged violation.").

### 3. Estoppel: Claims 4, 5

The Final Complaint appears to assert claims of promissory estoppel. *See* ECF No. 32 at 91-92 (alleging Defendant is estopped from denying and "refusing to fairly review" Redmond's applications). Promissory estoppel "applies whenever a promise which the promissor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance would result in an injustice if the promise were not

6

enforced." *Rosal v. First Federal Bank of California,* 671 F. Supp. 2d 1111, 1130 (N.D. Cal. 2009). However, the Final Complaint fails to plead a clear and unambiguous promise, reasonable and foreseeable reliance, and injury resulting from the reliance. *See Santana Row Hotel Partners, L.P., v. Zurich American Ins. Co.*, 446 F.Supp.2d 1108, 1113 (N.D. Cal. 2006) ("To maintain a claim of promissory estoppel in California, a plaintiff must allege four elements: (1) a promise clear and unambiguous in its terms, (2) reliance by the party to whom the promise is made, (3) the reliance must be both reasonable and foreseeable, and (4) the party asserting estoppel must be injured by his reliance.").

### 4. Good Faith and Fair Dealing: Claims 7, 8

The Final Complaint fails to allege Redmond and Defendant "entered into a contract," Redmond "fulfilled his obligations under the contract," the "conditions precedent" to Defendant's performance, and how Defendant "unfairly interfered" with Redmond's "rights to receive the benefits of the contract." *Rosenfeld v. JPMorgan Chase Bank, N.A.,* 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).

### 5. Fraud: Claims 9, 10, 17, 18

The Final Complaint's fraud allegations fail to sufficiently plead, with particularity, a misrepresentation by Defendant, Defendant's knowledge of falsity, intent to induce reliance, and Redmond's justifiable reliance. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); *Marolda v. Symantec Corp.,* 672 F. Supp. 2d 992, 997 (N.D. Cal. 2009) ("California law identifies the elements of a fraud claim as: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage.") (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009)).

### 6. Negligence: Claims 11 and 33

The Final Complaint fails to sufficiently allege the acts Defendant took to assume a duty to Redmond, which acts constituted a breach of that alleged duty, and how those acts caused harm to Redmond. *See Wells Fargo Bank, N.A. v. Renz*, 795 F. Supp. 2d 898, 924-25 (N.D.Cal.2011)

1  (stating negligence claim under California law requires showing of duty, breach, causation, and
2  damages); *cf. Cisco Systems, Inc. v. STMicroelectronics, Inc.*, 77 F. Supp. 3d 887, 895 (N.D. Cal.
3  2014) ("Where a voluntary undertaking gives rise to a duty of care, the scope of such duty depends
4  upon the nature of the undertaking.").

### 7. Intentional infliction of emotional distress: Claim 12

The Final Complaint fails to allege "any facts to support [Redmond's] conclusory allegation that [he] suffered 'severe emotional distress." *Ferretti v. Pfizer Inc.*, 855 F. Supp. 2d 1017, 1029 (N.D. Cal. 2012); *see Carlsen v. Koivumaki,* 227 Cal. App. 4th 879, 896 (Cal. Ct. App. 2014) (IIED elements are (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct) (internal quotation marks omitted).

### 8. FTCA Violations: Claim 15

The Final Complaint fails to sufficiently plead Redmond met the "procedural requirements for filing claims under FTCA." *Cadwalder v. United States*, 45 F.3d 297, 299 (9th Cir.1995). Redmond does not allege he presented his claims to the appropriate federal agency before filing the present action. *See Does v. California State University, Hayward*, 33 F. Supp. 2d 1190, 1203 (N.D. Cal. 1998) ("A tort claim against the United States must be presented to the appropriate federal agency within two years of the date of accrual . . . A claimant may not file suit in federal court until the agency has disposed of it, or six months have passed and the agency has not acted.").

Moreover, the Final Complaint fails to plead which of Redmond's claims fall under the FTCA. *See Will v. United States*, 60 F.3d 656, 659 (9th Cir. 1995) (analyzing the elements of state negligence law to determine the government's liability under the FTCA, because "[i]ts liability is determined under the law of the state where the act or omission occurred"); *Gottschalk v. City and County of San Francisco*, 964 F. Supp. 2d 1147, 1161-62 (N.D. Cal. 2013) ("FTCA provides that certain types of tort claims may not be maintained against the United States,

including '[a]ny claim arising out of . . . misrepresentation, deceit, or interference with contract rights.' 28 U.S.C. § 2680(h). Thus, Plaintiff's fraud and deceit claim against Federal Defendants is barred by the FTCA.").

### 9. Defamation: Claim 16

The Final Complaint fails to sufficiently allege a defamatory statement and how the statement was false or defamatory in nature. *See Walleri v. Federal Home Loan Bank of Seattle*, 83 F.3d 1575, 1583 (9th Cir. 1996) ("To create liability for defamation, there must be a false and defamatory statement. A statement is defamatory 'if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.'"); *Holomaxx Technologies v. Microsoft Corp.,* 783 F. Supp. 2d 1097, 1107 (N.D. Cal. 2011) ("To state a claim for defamation, a plaintiff must establish 'the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage.'") (citing *Arikat v. JP Morgan Chase & Co*., 430 F.Supp.2d 1013, 1020 (N.D.Cal. 2006)).

### 10. Injurious falsehood and Libel: Claims 19, 20, 31, 32

The Final Complaint fails to sufficiently allege an injurious statement or publication, absence of justification for the statement or publication, and falsity. *See Deerpoint Group, Inc. v. Agrigenix, LLC.,* 393 F. Supp. 3d 968, 987 (E.D. Cal. 2019) ("[I]njurious falsehood . . . 'trade libel' . . . are names that have been given to the same tort. . . Disparagement consists of "injurious falsehoods that interfere with business" and are directed "at the goods a plaintiff sells or the character of his other business.") (internal citations and quotations omitted); *Robinson v. HSBC Bank USA*, 732 F. Supp. 2d 976, 985 (N.D. Cal. 2010) ("In order to state a claim for trade libel, plaintiffs must allege: (1) publication, (2) absence of justification, (3) falsity and (4) direct pecuniary loss. . . the injurious false statement must specifically refer to, or be of and concerning, the plaintiff in some way.") (internal citations and quotations omitted).

### 11. Misappropriation of Trade Secrets: Claim 22

The Final Complaint fails to sufficiently plead the existence of a trade secret, how the trade secret was allegedly misappropriated, and resulting injury. *See Alta Devices, Inc. v. LG*

9

*Electronics, Inc.*, 343 F. Supp. 3d 868, 877 (N.D. Cal. 2018) ("To state a claim for trade secret misappropriation under the DTSA and the CUTSA, a plaintiff must allege that: '(1) the plaintiff owned a trade secret; (2) the defendant misappropriated the trade secret; and (3) the defendant's actions damaged the plaintiff.'") (citing *Space Data Corp. v. X*, Case No. 16-cv-03260-BLF, 2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017)); *Acculmage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 950 (N.D. Cal. 2003) ("To state a cause of action for misappropriation of trade secrets under the Uniform Trade Secrets Act ("UTSA"), plaintiff must plead two primary elements: (1) the existence of a trade secret, and (2) misappropriation of the trade secret.").

### 12.     Tortious Interference: Claim 23

The Final Complaint alleges tortious interference with an existing contract and prospective relations.  ECF No. 32 at 101.  However, as previously discussed, the Final Complaint fails to allege the existence of a valid contract.  *See Yucesoy v. Uber Technologies, Inc*., 109 F. Supp. 3d 1259, 1265 (N.D. Cal. 2015) ("Plaintiffs' complaint does not allege the existence of any contract (either express or implied) between drivers and riders.  In order to state a claim for tortious interference with contractual relations, Plaintiffs "'must first show that [they] had a contract.'") (internal citation omitted).

The Final Complaint also fails to sufficiently plead an economic relationship between Redmond and a third party, that Defendant knew of such a relationship, Defendant's intentional acts that were intended to disrupt the relationship, and disruption of the relationship.  *See Song fi Inc. v. Google, Inc.,* 108 F. Supp. 3d 876, 887 (N.D. Cal. 2015) (elements of tortious interference with prospective economic advantage are "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by the acts of the defendant.") (citing *Rickards v. Canine Eye Registration Foundation, Inc*., 704 F.2d 1449, 1456 (9th Cir.1983).

### 13.     Patent Infringement: Claim 24

The Final Complaint fails to "plead facts sufficient to place the alleged infringer on notice

as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). Redmond fails to sufficiently demonstrate valid ownership of his patents and how the accused products infringe on Redmond's patents. *See Bot M8 LLC v. Sony Corp. of America*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) ("[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim.").

### 14. Personal Injury: Claim 25

The Final Complaint fails to sufficiently plead the legal basis for Redmond's personal injury claim, the personal injuries themselves, when the personal injuries occurred, and that the injuries are within the statute of limitations. *See Deem v. William Powell Co.,* 33 F.4th 554, 558 (9th Cir. 2022) ("A personal injury action in federal law will have a statute of limitations that accrues on discovery of the illness or accident causing the damages.); *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1136 (9th Cir. 2001) ("We have held that California's one-year statute for personal injury claims, Code of Civil Procedure section 340(3), applies to claims under 42 U.S.C. section 1983, which for these purposes at least, is generally regarded as analogous to section 504.").

### 15. Unjust Enrichment: Claim 26

The Final Complaint fails to "specify the state laws under which it is asserting claims for unjust enrichment" and must be dismissed. *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 781 F. Supp. 2d 955, 965 (N.D. Cal. 2011). "Even if the basic elements of an unjust enrichment claim are similar in many states, there may be (and very likely are) differences from state to state regarding issues such as the applicable statute of limitations and various equitable defenses." *Id*. "[T]his Court has previously determined that 'there is no cause of action for unjust enrichment under California law.'" *In re IPhone Application Litig.*, 844 F. Supp. 2d 1040, 1075 (N.D. Cal. 2012) (citing *Fraley v. Facebook*, 830 F. Supp. 2d 785, 814 (N.D. Cal. 2011)).

### 16. Anti-trust Violations: Claims 27 and 28

The Final Complaint fails to sufficiently plead his injury is "of the type the antitrust laws

1    were intended to prevent and that flows from that which makes defendants' acts unlawful." *Am.*
2    *Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1055 (9th Cir. 1999) (citing *Atl. Richfield*
3    *Co. v. USA Petroleum Co.*, 495 U.S. 328, 334 (1990)); *see also Sheahan v. State Farm General*
4    *Ins. Co.*, 394 F. Supp. 3d 997, 1011 (N.D. Cal. 2019) ("[A]ntitrust injury is injury that is suffered
5    by competitors or consumers as a result from anti-competitive monopolistic practices. Here,
6    Plaintiffs are neither. They are not competitors of State Farm or the Verisk Defendants. They are
7    not direct consumers of the Verisk Defendants.").

### 17.  Labor Laws Violations: Claim 29

The Final Complaint fails to sufficiently plead Redmond has an employer-employee relationship with Defendant. *See Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983) (requiring defendant to be an employer of the plaintiff to be liable under the Fair Labor Standards Act), *abrogated on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985); *Lesnik v. Eisenmann SE,* 374 F.Supp.3d 923, 947 (N.D. Cal. 2019) ("To be liable for violations of the California Labor Code, a defendant must be the plaintiff's employer.").

### 18.  Timely payment of witness fees: Claim 30

The Final Complaint fails to sufficiently plead facts and any legal basis supporting Redmond's entitlement to fees as a witness, informant, or whistle-blower or that payment was not made. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."); *cf. Denton v. Hernandez*, 504 U.S. 25, 31 (1992) ("A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact.").

Accordingly, the Final Complaint fails to sufficiently state a cause of action upon which relief could be granted and must be dismissed.

### V.   CONCLUSION

For the reasons stated above, the undersigned recommends this action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). The undersigned finds leave to amend would be futile and recommends that it be **DENIED**.

This case will be reassigned to a United States district judge for all further proceedings,

including action on this recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), a party may serve and file any objections within 14 days after being served. Failure to file objections within the specified time may waive the right to appeal the district court's order.

The Initial Case Management Conference scheduled for June 16, 2022 is hereby **VACATED**.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: June 13, 2022

THOMAS S. HIXSON
United States Magistrate Judge