UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SD DOUGLAS REDMOND,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

No. C 22-01107 WHA

**ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS**

    Pro se plaintiff SD Douglas Redmond seeks to sue the United States of America for "hit-jobs and attacks on [him] via the operators of a profiteering organized crime activity in government offices" (Dkt. No. 32 at 3). Magistrate Judge Thomas S. Hixson issued a report and recommendation that plaintiff's action be dismissed with prejudice (Dkt. No. 40) ("Hixson Report"). Plaintiff objected timely (Dkt. No. 44). For the reasons below, plaintiff's objections are **OVERRULED**, and Judge Hixson's report and recommendation is **ADOPTED IN FULL**. Plaintiff's action is **DISMISSED WITH PREJUDICE**.

    Judge Hixson detailed Redmond's various allegations and the fatal defects of the complaint. In brief, Redmond alleges thirty-three claims of fraud, negligent misrepresentation, emotional distress, racketeering, and antitrust violations perpetrated by the United States. (Dkt. 32 at 3–4). In support of his one-hundred- and eleven-page complaint, Redmond also submitted numerous exhibits, allegedly proffering evidence of governmental insider-trading and attacks on him personally (Dkt. Nos. 33–39; 45–53).

Judge Hixson concluded that Redmond's complaint cannot not survive because it fails to state a claim and it is barred by sovereign immunity. We agree.

*First*, Redmond directs the complaint toward, "The White House, the White House Press Office, The Department of Energy, the Office of the Special Counsel at OSG.gov" and other executive agencies and officials (Dkt. No. 32 ¶ 7). But, it is well settled that "[t]he United States may not be sued without its consent and the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Further, a court's jurisdiction over a case against a sovereign government is predicated on waiver of immunity expressed in statutory text. *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (cleaned up). The party bringing the action "bears the burden of showing an unequivocal wavier of immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987). Here, Redmond's arguments that the Stock Act supplies the necessary immunity waiver, and that his claims fall within the waiver, fail for the reasons discussed by Judge Hixson (Hixson Report at 4).

*Second*, each of Redmond's thirty-three claims fail to state a claim for which relief could be granted. Judge Hixson provided thorough analysis of each claim's insufficiency under the applicable standard (Hixson Report at 5-12). This order also agrees with the analysis.

*Third*, despite filing several amended complaints since this action began in February 2022, Redmond has failed to serve the government. To date, no proof of service of the summons and complaint has been filed. Federal Rule of Civil Procedure 4(m) states "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Additionally, when serving the United States, a plaintiff must also comply with requirements under Rule 4(i). Redmond has done neither. His failure to move the case forward also supports dismissal.

Shortly after Judge Hixson issued his report, Redmond filed a "letter brief pleading for aid to not dismiss" (Dkt. No. 44). Because plaintiff is pro se, this order reviews the brief as a timely objection. Redmond states in essence that "this case is very important to America, to

democracy, and to the future of justice in America" (Dkt. No. 44 at 2).  He also argues against dismissal because he "intends to use a portion of the winnings in this case to help preserve Yosemite National Park . . . that alone should qualify plaintiff to keep this case going" (*ibid*).  Redmond makes no legal argument as to the defects discussed in Judge Hixson's report, nor does he attempt to rectify the deficiencies identified in the complaint.  *See Smith v. Torres*, 2018 WL 806187, at *1 (E.D. Cal. Feb. 9, 2018) (Judge Anthony W. Ishii) (dismissing a pro se plaintiff's claims where objections to a Magistrate Judge's report and recommendation lacked legal argument).  Without more, the objection cannot stand.  Plaintiff's objection is **OVERRULED**.

Next, Redmond renewed a previous request for court-appointed counsel (Dkt. No. 43). Redmond provides several reasons in support of his request, including the interest of both sides in having smooth litigation, his alleged black-listed status by law firms, and precedent under *Gideon v. Wainwright*, 372 U.S. 335 (1963) (*id.* at 2–3).  But *Gideon* established a defendant's right to counsel in criminal proceedings, not a right to counsel in civil actions.  372 U.S. at 340.  Redmond's request is also futile in light of this order's impending dismissal. Consequently, Plaintiff's request for court-appointed counsel is **DENIED**.

Finally. because no amendment would change the fact that plaintiff's claims are asserted against a government shielded by sovereign immunity, the action will be dismissed without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

For the foregoing reasons, Judge Hixson's report and recommendation is **ADOPTED IN FULL.**  The action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated:  August 3, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE